IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC Bank USA, | : | |
| Plaintiff | : | Civil Action 2:13-cv-00978 |
| v. | : | Judge Graham |
| Santana Cline, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

**Report and Recommendation**

This matter is before the Magistrate Judge on plaintiff HSBC Bank USA's ("HSBC Bank") October 3, 2013 motion to remand and for sanctions (doc. 5) and defendant Santana Cline's October 7, 2013 motion to strike (doc. 6).

<u>Motion to Remand</u>. Plaintiff argues that defendant Cline's notice of removal is completely without basis as it is excessively out of time and that as a citizen of Ohio, Cline cannot invoke diversity jurisdiction as the basis for removal.

Under 28 U.S.C. § 1446(b), a notice of a removal of civil action must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such is based. Here, HSBC Bank filed its foreclosure action in the Franklin County, Ohio Court of Common Please on March 13, 2007.

1

Moreover, this action was never removable on the basis of diversity jurisdiction because defendant Cline is a citizen of the state of Ohio. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if Cline were not a citizen of the state of Ohio, a removal based on diversity may not be removed more than one year after the commencement of the action. 28 U.S.C. § 1446(c)(1).

<u>Motion to Strike</u>. Defendant Santana Cline argues that plaintiff's motion to remand should be stricken due to the continuous unauthorized practice of law by Maren Ludwig, a lawyer from Topeka, Kansas and the law office of Morris, Laing, Brock and Kennedy ("Morris Laing"). Plaintiff contends that Ludwig and Morris Laing are using Benjamin Carnahan of Dinn, Hochman and Potter as a conduit to act on behalf of Ocwen Loan Servicing ("Ocwen") in the state and federal courts.

Cline relies on the metadata from the PDF files filed in this court. The metadata shows that Maren Ludwig as the author of these filings. Cline maintains that a review of the filings for the past several years demonstrates all filings with readable metadata indicate the same information. Cline argues that this metadata is evidence of an ongoing and consistent scheme to use Benjamin Carnahan's law license as a means for Morris, Laing, Brock and Kennedy to file on behalf of Ocwen Loan Servicing while using the names of others in an effort to effectuate the theft of properties.

Cline further argues that the out-of-state counsel subsequently erased the metadata thereby engaging in spoliation of evidence.

In response to the motion to strike, plaintiff argues that Cline mischaracterizes the association between Carnahan and Morris Laing. Plaintiff maintains that Morris Lain is not engaged in the unauthorized practice of law and/or ghostwriting of pleadings. Plaintiff maintains that Rule 5.5(c) of the Ohio Rules of Professional Conduct expressly permit such a relationship:

> A lawyer who is admitted in another United States jurisdiction, is in good standing in the jurisdiction in which the lawyer is admitted, and regularly practices law may provide legal services on a temporary basis in this jurisdiction if . . . the services are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

OHIO RULES OF PROF'L CONDUCT R. 5.5(c). Plaintiff maintains that the association between Morris Laing and Carnahan falls squarely within the type of legal practice that Rule 5.5 was intended to facilitate. Morris Laing serves as managing counsel for Ocwen. In states in which Morris Laing attorneys are not permitted to practice, an association with local counsel best serves Ocwen. Plaintiff further argues that the metadata upon which Cline relies does not capture the collaborative process by which documents are drafted by Carnahan and Laing. Plaintiff further argues that there are no grounds to strike its motion to remand. Plaintiff contends that Cline's motion to strike is yet another tactic to delay the foreclosure sale of her property.

Analysis. Defendant Cline's motion is without merit. It is not uncommon for attorneys to collaborate with attorneys who are not listed on the docket or admitted to

3

practice in this Court. The Court's local rules require that each party have a trial attorney:

> Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member of the bar of this Court in good standing. Each filing made on behalf of such parties must identify and be signed by the trial attorney.

S.D. Ohio Civ. Rule 83.4(a). Since the Rule normally requires the trial attorney to be a member of the bar of the Southern District of Ohio, attorneys not admitted to our bar often are a party's principal lawyers who draft pleadings, motions and briefs. The trial attorney then finalizes the drafts and takes responsibility for filing them. Rule 11(a) and (b), Federal Rules of Civil Procedure. The Court's local rules contemplate such collaboration. *See* S.D. Ohio Civ. R. 83.3(e) ("The names of attorneys who are not members of the bar of this Court and who have not been admitted *pro hac vice* may appear on Court filings, but such attorneys may not sign any document filed with the Court in that case or conduct any proceeding before the Court or any deposition taken in the case."). So long as the trial attorney takes final responsibility for the pleading, motion or brief, the practice of having an attorney not admitted to practice here drafting them and collaborating with the trial attorney is wholly consistent with the Court's local rules, the Federal Rules of Civil Procedure, and the cannons of professional responsibility.

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff HSBC Bank USA's ("HSBC Bank") October 3, 2013 motion to remand and

for sanctions (doc. 5) be GRANTED and defendant Santana Cline's October 7, 2013 motion to strike (doc. 6) be DENIED.

Plaintiff is granted an extension of time in which to respond to defendant Clines' motions to dismiss and for a preliminary injunction. Plaintiff must file its responses within fourteen (14) days of any order overruling this Report and Recommendation.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge